UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH I. LUESING,

       Plaintiff,

                                         CASE NO. 2:15-cv-11777
v.                                    HONORABLE NANCY G. EDMUNDS

CAPT. B. WEBBER,
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT

### I. Introduction

Plaintiff Keith I. Luesing commenced this action on May 18, 2015, by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Otsego County Jail in Gaylord, Michigan where defendant B. Webber is the jail administrator.

Plaintiff alleges in his pending complaint that he sent numerous kites[1] to defendant Webber about various matters, including Plaintiff's physical and mental health and other issues pertaining to the conditions of life in jail. Plaintiff contends that Defendant does not act in compliance with jail standards. Plaintiff further alleges that there is no nurse at the jail and that it is almost impossible to ensure that his doctor's orders are followed, that his follow-up appointments are kept, and that he does not run out of medication. Additionally, Plaintiff alleges that there is no law library in the jail, and he appears to think that someone has tampered with his mail.

---

[1] A "kite" is a form used by inmates to communicate with corrections staff. *Hall v. Warren*, 443 F. App'x 99, 101 n.1 (6th Cir. 2011).

For relief, Plaintiff seeks treatment for his psychiatric and physical problems and a federal protective order. He claims that a protective order is necessary because his life is in danger, as he has been charged with murder, assault on police officers, resisting arrest, and obstruction of justice. Additionally, Plaintiff claims that he has been beaten four times since being arrested and that he was threatened by a state policeman. In an addendum to the complaint filed on June 4, 2015, Plaintiff seeks the following additional relief: appointment of an attorney, access to a law library, and help with litigation; an investigation of the housing, feeding, and treatment of inmates in Otsego County Jail; and a mental health care program for mentally ill offenders.

## II. Analysis

### A. Legal Framework

A Federal District Court is required to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). While a complaint "does not

need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## B. The Due Process Claim

The Court construes Plaintiff's complaint to allege that the conditions of confinement at the Otsego County Jail are unconstitutional.

### 1. Clearly Established Federal Law

The Supreme Court has stated that "[t]he Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones, and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal and end citations omitted). The Amendment imposes duties on correctional officials to "provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id.* They must also " 'take reasonable measures to guarantee the safety of the inmates.' " *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

3

Although "]t]he Eighth Amendment itself does not apply to pretrial detainees," *Grabow v. County of Macomb*, 580 F. App'x 300, 307 (6th Cir. 2014), "pretrial detainees are similarly protected under the Due Process Clause of the Fourteenth Amendment." *Carl v. Muskegon County*, 763 F.3d 592, 595 (6th Cir. 2014). "In short, both prisoners and pretrial detainees have a right not to have prison officials act with deliberate indifference toward their serious medical needs, health, or safety." *Sours v. Big Sandy Regional Jail Authority*, 593 F. App'x 478, 483 (6th Cir. 2014).

The Supreme Court nevertheless has cautioned, that "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A correctional official violates the Constitution "only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious;' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.' " *Id*. (internal and end citations omitted).

Second, "a prison official must have a 'sufficiently culpable state of mind.' In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety. . . ." *Id*. (internal and end citations omitted). A correctional official may be held liable under the Constitution "for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

### 2. Application

Exhibits to the complaint indicate that, on April 28, 2015, Plaintiff used a kite to ask Defendant about medical treatment. Defendant responded to the kite by notifying

Plaintiff that he would be seen by a local physician and that jail officials would rely on the physician's opinion regarding Plaintiff's health conditions.

In a subsequent kite to Defendant on May 4, 2015, Plaintiff instructed Defendant to forget about having a local physician examine him for a cancerous tumor on his lung because in his (Plaintiff's) opinion, the physician was "not fit." Defendant responded by saying that all the physicians used to treat inmates were licensed and provided adequate care to inmates.

Plaintiff has failed to show that Defendant was deliberately indifferent to his medical problems. Defendant responded to Plaintiff's kites and apparently arranged to have a licensed physician treat Plaintiff. Plaintiff has not alleged that the physician did not meet minimum standards of competence or was unable to provide adequate care. Instead, his kites to Defendant indicate that he was concerned with who would be treating him and whether he would be comfortable with the physician. He demanded an opportunity to acquire a second opinion after consulting with the physician provided by jail officials. His allegations establish nothing more than a preference for one physician over another physician. Furthermore, as a nonmedical person, Defendant was "entitled to presume the competence of medical staff in treating [Plaintiff], meaning that his conduct cannot, without much more, amount to 'deliberate indifference.' " *Davis v. Superintendent Somerset SCI,* 597 F. App'x 42, 45 (3d Cir. 2015) (citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)).

Plaintiff contends that there is no nurse at the jail and that it is almost impossible to ensure that his doctor's orders are followed, that his follow-up appointments are kept, and that he does not run out of medication. But absent a showing that Plaintiff was

5

actually denied medication or treatment for a serious medical condition, he has failed to prove that he was denied the minimal civilized measure of life's necessities. As such, he has not satisfied the objective component of a constitutional claim.

As for Plaintiff's allegations that he was beaten four times and fears for his life, he has not alleged or demonstrated that Defendant was aware of a serious threat to his safety and ignored the threat. Thus, he has not shown that defendant had a sufficiently culpable state of mind. The Court concludes that Plaintiff has failed to establish both the objective and subjective components of a due process claim.

### C. The First Amendment Claims

#### 1. The Lack of a Law Library

Plaintiff alleges next that there is no law library in the jail. He seeks access to a law library and help with litigation in state and federal courts.

It is well-established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Pretrial detainees also enjoy rights under the First Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 545 (1979) (noting that convicted prisoners enjoy certain rights under the First and Fourteenth Amendments and that pretrial detainees "retain at least those constitutional rights that [the Supreme Court has] held are enjoyed by convicted prisoners"). Correctional officials must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828.

Plaintiff states that his criminal trial is scheduled to begin on September 28, 2015. Addendum, ¶ 7. To the extent he is attempting to challenge the charges against

6

him, his right of access to the courts is satisfied if he has the assistance of counsel for his criminal trial. *United States v. Manthey*, 92 F. App'x 291, 297 (6th Cir. 2004) (citing *United States v. Smith*, 907 F.2d 42, 44 (6th Cir. 1990)). Furthermore, the tools that *Bounds* requires are those that inmates need to attack their sentences and to challenge the conditions of their confinement. *Lewis v. Casey,* 518 U.S. 343, 355 (1996). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. (emphasis in original).

Even assuming that Plaintiff has asserted a cognizable claim under *Bounds*, an inmate alleging a violation of *Bounds* must show actual injury. *Id.* at 349. "Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id*. at 351. An inmate must

> demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id*.

Plaintiff has not demonstrated that the lack of a law library or legal assistance hindered his efforts to pursue a legal claim or prevented him from filing a complaint. The pending complaint shows that he is able to file a complaint without the benefit of a

7

law library or legal assistance. Consequently, Plaintiff has failed to establish a violation of his First Amendment right of access to the courts.

### 2. Interference with Mail

Plaintiff appears to allege that someone has tampered with his personal and legal mail. Inmates have "a First Amendment right to send and receive mail," *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)), but "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). To establish a First Amendment violation, an inmate must show that officials "regularly and unjustifiably" interfered with his mail. *Deleon v. Doe*, 361 F.3d 93, 94 (2d Cir. 2004) (quoting *Davis*, 320 F.3d at 351).

The facts, as alleged in the complaint, fail to establish that jail officials regularly and unjustifiably interfered with Plaintiff's mail. More importantly, Plaintiff has not shown that defendant Webber personally tampered with his mail.

To the extent Plaintiff seeks to hold Defendant liable under a *respondeat superior* theory of liability, his claim fails because vicarious liability is not applicable to lawsuits filed under § 1983. *Iqbal*, 556 U.S. at 676. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. Failure to act or passive behavior is insufficient to establish supervisory liability under § 1983, *King v. Zamiara*, 680 F.3d 686, 706 (6th Cir. 2012), *cert. denied*, 133 S. Ct. 985 (2013), and "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations." *Terrance v. Northville Reg'l Psychiatric*

8

*Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). A defendant "will be liable for the unconstitutional acts of [his or] her subordinates only if [he or] she actively participated in the unlawful conduct, such as if [he or] she implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *King*, 680 F.3d at 706 (quotation marks and end citations omitted).

Plaintiff's allegations of mail tampering are vague, and he has not shown that defendant Webber actively participated in unlawful conduct by authorizing, approving, or knowingly acquiescing in a subordinate's unconstitutional conduct. Consequently, Plaintiff has no right to relief on the basis of his claim about mail.

### III. Conclusion

Plaintiff's allegations lack an arguable basis in law and fail to state a plausible claim for which relief may be granted. Consequently, the complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 28 U.S.C. § 1915A(b)(1). The Court certifies that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

                                                     s/ Nancy G. Edmunds
                                                     NANCY G. EDMUNDS
                                                     UNITED STATES DISTRICT JUDGE

Dated: July 15, 2015